FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO
2019 OCT 15 PM 3: 27
CLERK-LAS CRUCES

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANE SANDOVAL,
    Plaintiff,

                        Civil Action No. 19cv969

v.                      JURY TRIAL DEMANDED


NEW MEXICO CORRECTIONS DEPARTMENT;
MANAGEMENT AND TRAINING CORPORATION;
COUNTY OF OTERO; WARDEN MARTINEZ;
CHAPLAIN BACON; SGT. DE LEON; OFFICER
GUERRERO; CLASSIFICATION SUPERVISOR
NOLASCO AND CLASSIFICATION OFFICER
A. LABRADO, Defendants

                COMPLAINT


1. This is a civil rights action brought under
42 U.S.C. §1983 for violating Plaintiff's First,
Eighth and Fourteenth Amendment rights to
the United States Constitution. The actions
and conduct of the individual defendants
are the result of a policy, practice, custom,
and deliberate indifference on the part
of defendants New Mexico Corrections Depart-
ment, Management and Training Corporation

—1—

and the County of Otero.

## JURISDICTION

2. This Court has jurisdiction over the subject of this Complaint under 42 U.S.C § 1983 and 42 U.S.C § 2000

## PARTIES

3. Plaintiff, Shane Sandoval, age 23, was at all relevant time to this Complaint an inmate incarcerated at Otero County Prison Facility in Chaparral, New Mexico.

4. Defendant New Mexico Corrections Department (hereinafter the "NMCD") is a municipality in New Mexico who's actions and/or inactions, omissions and Plaintiff's damages caused by the individual defendants and defendant municipalities were directly and proximately caused by the NMCD

5. Defendant County of Otero and Management and Training Corporation (hereinafter the "County" and "MTC") contract with the NMCD to run the Otero County Prison Facility

(hereinafter "OCPE") and assumes responsibility of delegated constitutional duties.

6. At all times pertinent hereto, defendant municipalities had policies and practices that were deliberately indifferent to the constitutional violations by the individual defendants against Plaintiff.

7. Defendant Warden Martinez (hereinafter "Martinez"), was at all material times the Warden of Otero County Prison Facility in Otero County, NM.

8. Defendant Chaplain Bacon (hereinafter the "Chaplain"), was at all material times the chaplain of OCPE in Chaparral, NM.

9. Defendant SGT. De Leon (hereinafter "De Leon"), was at all material times a sergeant at OCPE in Chaparral, NM.

10. Defendant Officer Guerrero (hereinafter "Guerrero"), was at all material times a correctional officer at OCPE in Chaparral, NM.

11. Defendant Classification Supervisor Nolasco ( hereinafter "Nolasco"), was at all material times the classification supervisor of OCPF in Chaparral, NM.

12. Defendant Classification Officer A. Labrado (herein after "Labrado"), was at all material times a classification at OCPF in Chaparral, NM.

13. Upon information and belief, Defendant Martinez was a resident of New Mexico and employed by the County and MTC. Defendant Martinez was acting under color of state law at all relevant times.

14. Upon information and belief, Defendant Bacon was a resident of New Mexico and employed by the County and MTC. Defendant Bacon was acting under color of state law at all relevant times.

15. Upon information and belief, Defendant De Leon was a resident of New Mexico and employed by the County and MTC. Defendant De Leon was acting under color of state law at all relevant times.

16. Upon information and belief, Defendant Guerrero was a resident of New Mexico and employed by the County and MTC. Defendant Guerrero was acting under color of state law at all relevant times.

17. Upon information and belief, Defendant Nolasco was a resident of New Mexico and employed by the County and MTC. Defendant Nolasco was acting under color of state law at all relevant times.

18. Upon information and belief, Defendant Labrado was a resident of New Mexico and employed by the County and MTC. Defendant Labrado was acting under color of law at all relevant times.

19. At all relevant times in this Complaint, defendants De Leon and Guerrero acted in concert and conspiracy and were jointly and severally responsible for the harms caused to Plaintiff.

20. At all times relevant to this Complaint, defendants Martinez and Labrado acted in concert and conspiracy and were jointly and

severally responsible for the harms caused to Plaintiff. This also includes defendant Nolasco

21. All individual defendants are sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

22. On January 23, 2019 Plaintiff filed an informal complaint against defendant Bacon for failing to provide Plaintiff's religious group with the requisite material in order for them to practice their religion.

23. This includes, but is not limited to, corn pollen, hide for the drums, a ceremonial drum and a buffalo skull as required in order to conduct sweatlodge.

24. The NMCD recognizes, pursuant to its own policy, that these are considered congregate religious items that are required for the traditional rituals and ceremonies that are the primary vehicles of communal Native American religious expression.

25. When made aware of these issues during the course of the grievance process, subsequent appeal to the NMCD and weekly walk throughs, defendants NMCD, Martinez and Bacon did not adhere to their duties to coordinate efforts to assure that an adequate supply of corn pollen was provided in a timely and consistent manner, thereafter nor in the past or the events leading up to this Complaint, and instead the NMCD insists that the buffalo skull was not allowed, contrary to its own policy, and took a substantial amount of time to provide the corn pollen and hide that resulted in multiple sweatlodge ceremonies, pipe ceremonies, blessing way ceremonies, a solstice and equinox observances to be conducted without these religious items and defendants still continue to employ these burdens on Plaintiff and his Native American religious group.

26. Defendants NMCD, Martinez and Bacon never gave a reasonable justification that draws a rational justification to a legitimate governmental interest and in fact defendants' NMCD, County and PTC's

own regulations mandate them to provide Plaintiff's religious group with these religious items at all times and this accomodation is non-discretionary and mandatory.

27. The NMCD weighed all factors relevant to security, the interests of staff, inmates and the Corrections Departments goals and objectives and found that supplying Plaintiff's religious group with these ceremonial items to practice their religion did not run contrary to those interests, goals and objectives and actually was and is essential and necessary to acheive them, hence the implementation of it into their own policies.

28. Instead of alleviating these burdens and restrictions on Plaintiff and his religious group defendants have chosen a much more vindictive route with further oppressive tactics on Plaintiff to impose more restrictions on his religious practice.

29. In early September 2019, Defendant Ganencia entered sweatlodge grounds, that have been blessed and consecrated through ritual and ceremony, to remove religious items that have long been

utilized in Solstices, Equinoxes, Sweatlodge and Blessing Way ceremonies.

30. Defendant Guerrero desecrated sweatlodge grounds for the fact that he did it to be antagonistic, he's non-native and to intentionally display his discriminatory animus towards Native Americans.

31. Defendant Martinez has been made aware that his officers engage in discriminatory behavior aimed toward Native Americans and Guerrero being one of the most notorious officers who actively seeks any opportunity to restrict the Native American religious practice.

32. Upon information and belief, Martinez appointed Guerrero in a position of authority over the Natives when they are practicing their religion all while knowing of Guerrero's tendencies to burden the Native American religious practice and made this appointment that very reason and removed the initial officer who originally assumed this position and who encouraged the Native American religious practice and defendant Martinez continued to allow this officer to endure

officers making derogatory remarks for his fair treatment of the Native American group.

33. Upon information and belief, On September 28, 2019, Guerrero and De Leon acted in conspiracy to delay the cooking material being supplied to Plaintiff and his religious group to restrict the time that Plaintiff and his religious group had to prepare a meal for the equinox observance.

34. Especially that both Guerrero and De Leon, De Leon being of supervisory status, had the duty to reassure that all the requisite material was prepared ahead of time since De Leon ordered the Equinox to be completed before 2p.m.

35. Guerrero and De Leon had the designated Native American cooks to be taken to sweatlodge grounds at 6 a.m. but didn't supply the cooking material until approximately 8 a.m. and refused to provide firewood, which is an essential congregate religious item needed in preparing the meal for the observance and forced the group to take wood from the Wiccan religious groups.

sacred grounds.

36. Guerrero and De Leon's hindrance caused the meal to not be fully prepared until approximately 1 p.m. and then ordered Plaintiff and his religious group to complete their observance in 15 minutes and not caring that the meal needed to be blessed before it was consumed.

37. When the 15 minutes expired Guerrero ordered Plaintiff and his religious group to dispose of their meals in the trash to where Plaintiff and other members attempted to store whatever they could salvage in the chaplain's office.

38. Members of Plaintiff's religious group witnessed officers eating the stored meal.

39. Defendant Bacon further violated Plaintiff's constitutional rights by disposing of the rest of the meal.

40. Defendant Martinez has created an environment and developed a culture of discrimination, ill will and unequal treatment of Native

-11-

Americans for the distorted perception that as a religion that's not predicated on Christian principles or a sect of the faith base of Christ and Martinez has operated OCPF to fully accomodate this specific faith-based religion with morning, afternoon and evening programs seven days a week, however, restricts the Native American groups' religious practice as much as possible.

41. On September 23, 2019, a couple of weeks after Plaintiff filed a seperate civil rights action against defendants MTC, County and Martinez, defendants Nolasco and Lebuado held a classification committee for a lateral transfer

42. On September 18, 2019 at approximately 1 to 1:30 p.m Plaintiff spoke to the NMCD State Contract Monitor to inform that the transfer is unconstitutional because it's in retaliation for exercising his right to file a lawsuit to vindicate his rights and a transfer to any other facility will put Plaintiff's live in imminent danger for the fact that inmates with sex offenses are subjected to mental, emotional, psycho-

gical, verbal, physical and sexual abuse caused
by inmates without sex offenses because of the
stigma of being a sex offender incites hate
and impulsive violence among these two class
of inmates.

43. On September 20, 2019 at approximately 10
a.m., Plaintiff spoke to defendant Martinez
about the classification committee for the
transfer and aknowledged this committee
and stated it's because he ordered it.

44. Days after this committee Plaintiff sent
letters certified mail to the Secretary of
Corrections, Office of General Counsel
and Classification Bureau of the NMCD
with return receipts dated September 30,
2019 for the Office of General Counsel
and September 25, 2019 for the Secretary
of Corrections.

45. Plaintiff notified the NMCD unconstitutional
actions and/or inactions are putting Plaintiff's
life in jeopardy and physical harm is fore-
seeable, supra., and the due process liberty
interest violations by defendants Martinez,
Nolasco and Labrado, infra..

46. Defendents do not have the discretion to punish Plaintiff for the exercise of his First Amendment rights by transferring him to another facility nor is the threats of and /or the actual suffering of physical assaults while in prison part of the penalty criminal offenders pay for their offenses.

47. The NMCD, MTC, the County, Martinez, Nolasco and Labrado are all fully aware of this substantial risk of harm and have adopted it as a method of retaliation and an effective way to deter pro se inmates from filing lawsuits against them and evading any injunctions that may be imposed if litigants prevail.

48. The contractual agreement between the NMCD, County and MTC does not shield the NMCD from liability due to the fact that the NMCD has final authority to approve a transfer or deny it and the recommendation by the classification committee is not binding on the NMCD.

49. Incidents where sex offenders are beaten, stabbed, crippled and/or killed for the sole-

purpose of their status as a sex offender in New Mexico's prison system is both realistic and inevitable, however, the NMCD remains deliberately indifferent to these horrific atrocities, especially, when sex offenders, such as Plaintiff, file lawsuits against facilities regardless if its ran by the state or private entity.

50. Upon information and belief, in most cases sex offenders, who are not housed at OCPF, which is predominantly a sex offender prison, are given an ultimatum, either they segregate themselves in a restrictive housing unit for the remainder of the inmates sentence, which like Plaintiff, are over a decade or decades at at a time or choose to be housed in the general population where the probability of assaults and physical injuries are unavoidable.

51. It's well established that the explicit and mandatory language of the state's laws or policies can create a due process liberty interest under the Fourteenth Amendment.

52. The New Mexico Corrections Department classification policies do use explicit and mandatory language

that creates a due process liberty interest in a classification committee recommendation by a classification supervisor and security representative, Sergeant or above; that best efforts will be made not to transfer inmates who are successfully programming in a corrective thinking program, a right to one level of appeal to which Plaintiff appealed the recommendation; a separate staff member to review Plaintiff's appeal; the Warden approving or denying the recommendation, the NMCD having final authority and, finally, a due process liberty interest in a classification system that shall be used to divide inmates into groups that reduce the probability of assaults and disruptive behavior.

53. Defendants Martinez, Nolasco and Labrado violated Plaintiff's due process liberty interests, supra.

54. The classification committee conducted hereto was comprised of Nolasco, a classification supervisor, and Labrado, who is neither a security representative nor a sergeant or above.

55. Nolasco and Labrado made no efforts to consider that Plaintiff is regularly and

successfully participating in a corrective
thinking program.

56. Defendant Martinez has appointed Nolasco
as the institutional classification appeals
officer even though Nolasco was one of
the two who recommended a transfer.

57. When a right to an appeal is afforded
under the 14th Amendment general due
process principles warrant a fair and imp-
artial decisionmaker.

58. Plaintiff has a due process liberty
interest in being classified into a
sex offender group for his safety and
welfare so the probability of assaults
against him for his sex offender
status is severely reduced.

59. Upon information and belief, the NMCD
has intentionally and willfully overlooked
the County's, MTC's and individual defendants'
violative behavior and/or participated in
covering up these constitutional violations
when made aware of these issues.

60. The NMCD, County, MTC and Martinez
have implemented a policy and a custom
that has caused their staff members and
subordinate officers to believing that reassur-
ing sex offenders of their safety and welf-
are is not constitutionally mandated and
its enforcement is on a case-by-bcase
basis depending on if the inmate chooses to
exercise his constitutional rights or not and
it's either be free from the risk of and
/or actual physical injuries and allow officers
and staff members to arbitrarily and capri-
ciously violate their constitutional rights or
exercise their constitutional rights and
forcefully be transferred to other prison
facilities to endure prolonged segregation
and/or be in a hostile environment.
experiencing multiple forms of abuse for the
remainder of their time.

61. This retaliatory tactic by defendants is
substantiated for the fact that Plaintiff has
filed a wide variety of informal complaints
against Martinez and other OCDF staff
members and officers that are of penological
interest and that these violations are for
ratification of policies and customs.

62. On July 11, 2019 Plaintiff filed an informal complaint against Martinez for ordering his officers to confiscate inmates' clothing and towels that are hanging on the seats of tables well within inmates living area that are less than a foot an half off the ground and that by Martinez and his officers doing this he's falling below the minimum amount of state issued linen and clothing and also that confiscating inmates' personal property even though it's not in excess of the allowable amount per state policy is unconstitutional and both of which are imposing an atypical and significant hardship on Plaintiff and inmates at OCPF.

63. Upon information and belief, the NMCD, County, MTC and Martinez orchestrate these violations and orders the individual defendants to continue to engage in behavior that is the basis of this complaint and orders the grievance officers to lie and vigorously dispute these issues in their responses to Plaintiff's grievances in order to cover-up the constitutional viola-

tions.

64. Plaintiff has been told by officers and staff that Martinez and the County, MTC and NMCD are ordering them to commit the above acts, to issue misconduct reports against Plaintiff and to find him guilty as a form of retaliation and punishment for exercising his constitutional rights.

65. This does not relieve the individual defendants of liability and, upon information and belief, the NMCD, County, MTC and Martinez are convincing the individual defendants, other officers and staff members that their acts and failure to act will not subject them to civil liability, which is entirely untrue.

66. Each individual defendant has a constitutional duty to protect inmates' civil rights and cannot violate those rights and then think they will not equally be held accountable as the one who ordered the violation to occur.

67. Nolasco and Labredo also have an incentive

in having Plaintiff transferred to another
facility because on July 31, 2019, Plaintiff
filed an informal complaint, although naming
Martinez as the subject of the complaint,
for violations of Plaintiff's due process
liberty interest in confidentiality of his
inmate records when NMCD policy uses mandatory
language that guarantees inmates that their
records will be kept in a secure location,
safeguarded from unauthorized and improper
disclosure and will not be available to inmates
except the inmate whom the documents belong
to.

68. Nolasco and Labrado share this liability
along with the NMCD, County and MTC
for the fact defendants consciously and
recklessly disclosed Plaintiff and other
inmates' inmate records to the case
worker clerks to distribute to inmates
on a monthly basis.

### CAUSES OF ACTION

### Count I

69. The actions of defendants Martinez, Chaplain

Bacon, De Leon and Guerrero violated Plaintiff's First, Fourteenth and the Religious Land Use and Institutionalized Persons Act rights to be free to practice his religion free of burdens and restrictions and not to be discriminated against for his ethnicity and religion

## Count II

70. The actions of defendants Martinez, Nolasco and Labrado violated Plaintiff's First, Eighth and Fourteenth Amendment rights to be free from threats of and/or actual retaliatory transfers, threats of and/or actual physical injuries by other inmates and violations of Plaintiff's due process liberty interests.

## Count III

71. The violations of Plaintiff's constitutional rights under the First, Eighth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant NMCD, County and

MTC, which have encouraged, tolerated, ratified, and have been deliberately indifferent to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. The monitoring of officers and staff members whom it knew or should known discriminate against Native Americans and their religion

b. The failure to identify and take remedial or disciplinary action against officers and staff who were the subject of prior internal complaints of misconduct.

c. The failure of officers and staff to follow established policies, procedures, directives, and instructions regarding inmates' religious rights, state policy and the circumstances pertinent to this Complaint.

d. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of inmates

e. The practice among high ranking executive officers and classification officers of instituting

transfers against inmates who exercise their constitutional rights with the intentions of causing serious injury resulting in permanent damage or death and precluding such individuals from instituting civil claims.

WHEREFORE, plaintiff respectfully request:

A. Compensatory damages as to all defendants
B. Punitive damages to individual defendants
C. Injunctive relief
D. Court fees and costs
E. Such other and further relief as may appear just and appropriate

Otero County Prison Facility
10 McGregor Range Road
Chaparral, NM
-- 88081

I, Shane Sandoval, declare under penalty of perjury that the foregoing is true and correct

Date: 10/10/19



**CERTIFIED MAIL**



7014 2870 0001 7247 4101

UNITED STATES POSTAGE
PITNEY BOWES
$ 004.80
02 1P
0001956152   OCT 10 2019
MAILED FROM ZIP CODE 88081

EL PASO
799
OCT '19
2 L

OCT 15 2019
SCREENED BY C9O

United States Courthouse
100 N. Church Street
Suite 280
Las Cruces, NM 88001

Legal Mail

88001-357200

SHANE SANDOVAL #85826
Otero County Prison Facility
10 McGregor Range Road, Chaparral, NM
88081 E.C.17